IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD ANDERSON DOUTHETT, JR.,   )
                                                    )
        Plaintiff,                         )
                                                    )
      v.                                )    Civil Action No. 19-885
                                                    )
ANDREW M. SAUL                     )
COMMISSIONER OF SOCIAL SECURITY,  )
                                                  )
        Defendant.                     )

O R D E R

AND NOW, this 26th day of August, 2020, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on January 3, 2020,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on December 8, 2019,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**    **Background**

On September 30, 2015, Howard Anderson Douthett, Jr. protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq.,

and on November 23, 2015, he protectively filed a claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that he became disabled on August 7, 2013, due to herniated disc in lumbar spine, neck cancer and hypertension. (R. 99-100, 107-08).

After being denied initially on February 18, 2016, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held two hearings. (R. 29-57, 58-90). In a decision dated July 27, 2018, the ALJ denied Plaintiff's request for benefits. (R. 15-24). The Appeals Council declined to review the ALJ's decision on May 24, 2019. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir.

1995)).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'"  Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'"  Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'"  Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity.  See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If so, the disability claim will be denied.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment.  See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  "An impairment or combination of impairments is not

severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a).  If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits.  If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment.  See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If a claimant meets a listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).  If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience.  See id.  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  See 20 C.F.R. §§ 404.1523, 416.923.

**III.     The ALJ's Decision**

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, August 7, 2013.  (R. 18).  The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, particularly, degenerative disc disease and obesity.  (R. 18).  The ALJ further concluded that Plaintiff's impairments did not meet any of the Listings that would satisfy Step Three.  (R. 19).

The ALJ next found that Plaintiff retained the RFC to perform medium work, except that he can occasionally climb ramps and stairs, but never ladders, ropes and scaffolds, and can occasionally perform posturals of balance, stoop, kneel, crouch, and crawl.  (R. 20).

At Step Four, the ALJ found that Plaintiff was able to perform past relevant work as a lead janitor and laundry worker.  (R. 22).  Alternatively, the ALJ moved on to Step Five. (R. 23).  The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of additional jobs exist in the national economy that Plaintiff could perform.  The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as dining room attendant and hand packager.  (R. 23-24, 87-88).  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. 24).

**IV.     Legal Analysis**

Plaintiff argues that the ALJ erred in failing to explain adequately his finding that Plaintiff could perform a range of medium work, with certain additional limitations, in formulating his RFC.  While the Court does not necessarily find that the ALJ erred in his evaluation of Plaintiff's RFC, it does find that he inadequately explained how he actually determined that RFC.  Accordingly, the Court cannot find the ALJ's decision to be supported by

5

substantial evidence, and finds that remand is necessary for further consideration and discussion of this issue.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Here, the ALJ found that Plaintiff could perform medium work, which Plaintiff points out became outcome determinative because, as an individual of advanced age, if he had been found to be capable of performing light work instead, the Medical Vocational Grids would have directed a finding of disability. See 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.06. Moreover, the RFC in this case contained additional limitations, and while the ALJ discussed the evidence of record generally in his explanation of the RFC, he did not specifically indicate how he reached the finding that Plaintiff could perform medium work or the findings of Plaintiff's additional limitations. Also, since the ALJ did not rely on medical opinion evidence regarding the

6

functional limitations caused by Plaintiff's physical conditions, and since the ALJ failed to provide sufficient specificity in explaining how he himself determined Plaintiff's RFC, the Court finds that it is necessary to remand this case for further consideration and discussion.[1]

Thus, as discussed, supra, substantial evidence must support an ALJ's findings as to the claimant's RFC, and the ALJ must provide an adequate explanation as to how he formulated that RFC. Here, it is simply impossible to determine, upon review of the ALJ's discussion of the evidence of record, how that evidence translated into the specific RFC findings that he made. At the exertional level, for instance, there is no real analysis as to why Plaintiff should not be limited to light work rather than medium work or, for that matter, why he could not perform work at some other exertional level. (R. 21-22). In fact, the determination that Plaintiff can perform medium work seems somewhat arbitrary given the lack of clear discussion connecting the dots between specific evidence and particular findings. While the record could perhaps be found to support a finding of medium work, the Court finds that the ALJ failed to explain with sufficient specificity why this exertional level, and not some other, applied.

Similarly, the RFC contains additional limitations, and it is not evident whether those limitations were restrictive enough, or whether they were necessary at all. For example, it is not clear on what the finding that Plaintiff could occasionally climb ramps and stairs, but never ladders, ropes and scaffolds, is based. Likewise, it is not obvious how the ALJ determined that Plaintiff can "occasionally perform posturals of balance, stoop, kneel, crouch, and crawl." (R. 20). While the Court could certainly examine the evidence of record and determine whether

---

[1] The Court notes that the state reviewing agent who determined Plaintiff's physical RFC at the initial level was a Single Decision Maker ("SDM") and not a medical source. (R. 104, 112). Since the opinions of SDMs are generally not afforded any evidentiary weight, the ALJ did not err in not discussing this opinion in his decision. See Stewart v. Astrue, Civ. No. 11-338, 2012 WL 5494662, at *5 (E.D. Pa. Nov. 13, 2012); Caine v. Colvin, No. 02:12-cv-791, 2013 WL 967779, at *7 (W.D. Pa. Mar. 12, 2013).

it would lead to the same conclusions to which the ALJ came, that is not the Court's proper role here.  See Fargnoli, 247 F.3d at 44 n.7 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)).

Also, in addition to not explaining adequately why additional limitations were included in the RFC, the ALJ did not explain why other limitations were not included in the RFC.  For instance, as Plaintiff points out, the medical records and his testimony refer to difficulties with standing, walking or sitting for prolonged periods, and while the VE testimony indicated that needing a sit/stand option every thirty minutes would eliminate jobs from the medium or heavy level, the ALJ did not explain why such limitation was not included in the RFC.  Although the ALJ is certainly not required to discuss every piece of evidence in the record, see Fargnoli, 247 F.3d at 42, since, in this particular case, the ALJ notably fails to tie the evidence of record directly to his specific findings and explain his conclusions, it is unclear whether the ALJ considered all the relevant evidence in order to base the RFC on substantial evidence.  Similarly, the ALJ cites Plaintiff's daily activities as being supportive of his RFC, but the Court notes that those activities (living alone, maintaining personal needs and grooming, preparing meals, completing household chores such as washing dishes, doing laundry and vacuuming, using public transportation, shopping in stores, and working on a computer doing programming and application development) are not necessarily indicative of his ability to perform medium work.

Although the Court recognizes that an ALJ's decision need not be so comprehensive as to account with meticulous specificity each finding contained therein, here the Court is being asked to assume that record evidence leads to the specific conclusions that the ALJ reaches as to Plaintiff's RFC without making the connections clear.  Because the Court cannot make such

assumption under the circumstances of this case, it will remand the matter so that the ALJ can more clearly explain how he reached his conclusions.  In the course of doing so, the ALJ should ensure that he has adequately considered and weighed all the evidence in the case, and he should verify that his conclusions at all steps of the sequential evaluation process are adequately explained, in order to eliminate the need for any future remand.  Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record.  It is, instead, the need for further explanation that mandates the remand on this issue.

**V.      Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:          Counsel of record